*Judgment affirmed as to Jack Driskell; reversed as to Dennis (alias Rob-
ert) Driskell and Levi Driskell. Wade, C. J., and Luke, J., concur.*
　　　　　　　DECIDED JUNE 13, 1917.

Indictment for murder—conviction of manslaughter; from Put-
nam superior court—Judge Park. January 22, 1917.

*Eugene M. Baynes,* for plaintiffs in error.

*Doyle Campbell, solicitor-general,* contra.

---

## 8611. BELL *v.* THE STATE.

GEORGE, J. The evidence was sufficient to warrant the verdict, and the
court did not err in overruling the motion for new trial based upon
the general grounds only.
　　　　　　*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
　　　　　　　DECIDED JUNE 13, 1917.

Accusation of gaming; from city court of Leesburg. Judge
Martin. February 23, 1917.

*R. R. Forrester,* for plaintiff in error.

*J. B. Hoyl, solicitor,* contra.

---

## 8621. CAMMON *v.* THE STATE.

WADE, C. J. 1. "The record of a deed properly executed is prima facie
evidence of its delivery, and it becomes conclusive evidence if it is
not rebutted by proof." *Mays* v. *Fletcher,* 137 *Ga.* 27, 29 (72 S. E.
409). "The recording acts only authorize the clerk of the superior
court to record such papers as are entitled to record and which have
been attested in manner and form as the statute prescribes. The regis-
try of a deed serves a dual function; it is constructive notice of the
existence of the original deed, and permits its reception in evidence
without proof of its execution." *Glover* v. *Cox,* 137 *Ga.* 684, 691 (73
S. E. 1068, Ann. Cas. 1913D, 191).

2. On the trial of one accused of selling mortgaged property, where the
execution of the mortgage was not denied, but it was denied that the
mortgage included (in the knowledge of the defendant) certain cotton-
seed alleged to have been sold, an instruction by the court that "the
record of this mortgage is prima facie evidence of the genuineness of
the mortgage, and that the party signing the mortgage knew and un-
derstood what he was doing," was, notwithstanding the general pre-
sumption of innocence, not error prejudicial to the defendant, the
court further charging the jury, in that immediate connection, that
"this prima facie presumption, however, may be overcome by proof,